Curia, per

Evans, J.
As to the questions arising out of the facts of this case, this court does not perceive any reason for departing from its established rule of leaving undisturbed the decision of the jury. Whether the plaintiff is entitled to retain his verdict for the interest, being a question at law, it is necessary to consider. The contract as proved was, that a note was to be given for the price of the negroes, payable at a future time, if the note had been given, the plaintiff would clearly have been entitled to recover the interest which the verdict allows him. So, also, if there had been a count for interest, or if the declaration had been specially on the contract to pay for the negroes with a security which would bear interest. My understanding of the law, when the case was tried, was, that interest was not recoverable, unless the contract set out was one which bore interest, or there was a count on the promise to pay interest. The argument in this court, and the authorities cited, have satisfied me that this impression was wrong. As I have before said, if there had been a count in the declaration setting out the promise and refusal to give the note, all the authorities are that interest is recoverable, because, otherwise, the defendant would derive an actual benefit from his refusal to perform his contract.
But I do not understand the declaration in this case to contain any thing more than a count for negroes sold and delivered, and the question is, whether on such a count interest is recoverable. In the case of Marshall vs. Poole, 13 East, 97, Lord Ellenborough seemed to think that the *34 interest was a part of the price agreed to be paid, and was, therefore, recoverable on the common count for goods sold; and in the case of Stock vs Lowell, 3d Taunton, 157, where, on the common count, the jury allowed the interest, the court refused to grant a new trial. Both these cases are like the present, a sale of goods, to be paid for in a security which, when due, would*bear interest. They are decisive of this case, and the motion for a new trial is refused.
O’Neall, Butler, Wardlaw and Richardson, JJ. concurred.